## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**DANIEL JOHN BROKENS,**<br><br>                    **Debtor.** | **Bankruptcy Case<br>No. 23-40084-JMM** |
| **DANIEL JOHN BROKENS,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**INTERMOUNTAIN INDUSTRIES,<br>INC., d/b/a MAJOR MORTGAGE,<br>USA; LOANCARE, LLC as agent for<br>LAKEVIEW LOAN SERVICING,<br>LLC; LAKEVIEW LOAN<br>SERVICING, LLC; MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; PARENT COMPANY<br>MERSCORP HOLDING, INC.; and<br>NORTHERN TITLE CO.,**<br><br>                    **Defendants.** | **Adv. Proceeding<br>No. 23-08005-JMM** |

## MEMORANDUM OF DECISION

Appearances:

    Daniel John Brokens, Weston, Idaho, Debtor pro se

    Daniel Gibbons, HAWLEY TROXELL ENNIS & HAWLEY LLP, Spokane,
    WA, attorney for Defendant Mortgage Electronic Registration Systems, Inc. and
    MERSCORP Holdings, Inc.

MEMORANDUM OF DECISION–1

Lewis Stoddard, HALLIDAY WATKINS & MANN P.C., Salt Lake City, Utah, attorney for Defendants Lakeview Loan Servicing, LLC and LoanCare, LLC

### *Introduction*

On February 21, 2023, debtor Daniel John Brokens ("Debtor") filed a chapter 13[1] bankruptcy petition. *In re Brokens*, 23-40084-JMM at Doc. No. 1. On March 8, 2023, Debtor filed a proposed chapter 13 plan. *Id.* at Doc. No. 15. On March 22, 2023, the chapter 13 trustee, Kathleen McCallister ("Trustee") filed a motion to dismiss the bankruptcy case on numerous grounds including Debtor's failure to 1) appear at the scheduled meeting of creditors; 2) serve his proposed plan on creditors or to send out notice of a confirmation hearing; 3) provide proof of his identify to the Trustee; 4) respond to Trustee's requests for bank statements and tax returns; 5) submit a proposed plan that provides for payment to secured creditors; and 6) communicate with Trustee by phone or mail. *Id.* at Doc. No. 28. Debtor did not respond to Trustee's motion to dismiss and on May 16, 2023, this Court entered an order dismissing the bankruptcy case.

On March 16, 2023, during the pendency of the bankruptcy case, Debtor, as Plaintiff, commenced an adversary proceeding to determine the validity, priority, or extent of a lien or other interest in property pursuant to Rule 7001(2). *Brokens v. Intermountain Indus., Inc., et al.*, 23-40084-JMM ("Adv. Proc."). Because it appears Debtor's service of the Summons on the defendants in the Adv. Proc. was inadequate, on

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION–2

March 22, 2023, the Court served a corrective entry on Debtor to inform him of the

notice issues. *Id.* at Doc. No. 4. The record does not reflect any further attempts by

Debtor to properly serve the defendants.

On May 17, 2023, defendant Mortgage Electronic Registration Systems, Inc.

("MERS") and MERSCORP Holdings, Inc. ("MERSCORP") (collectively "MERS

Defendants") filed a motion to dismiss the Adv. Proc. *Id.* at Doc. No. 13. The basis of

the motion to dismiss is that MERS had previously assigned its interest in the deed of

trust in Debtor's property and as such, it no longer has any interest in the deed of trust or

the property. *Id.* The motion further contends that MERSCORP, the parent corporation

of MERS, never had any interest in the deed of trust or property at issue. *Id.* As an

additional basis for dismissal, the MERS Defendants contend that because the underlying

bankruptcy case was dismissed, this Court now lacks jurisdiction over the Adv. Proc.

This motion to dismiss was set for hearing on June 12, 2023.

On May 22, 2023, this Court entered an Order to Show Cause and Notice of

Hearing. *Id.* at Doc. No. 15. This order required Debtor to appear before this Court on

June 12, 2023, and show cause why the Adv. Proc. should not be dismissed for lack of

jurisdiction following the dismissal of the underlying bankruptcy case. Finally, on May

23, 2023, defendants Lakeview Loan Servicing, LLC, and LoanCare, LLC filed a joinder

in the MERS Defendants' motion to dismiss. *Id.* at Doc. No. 16.

At the June 12, 2023, hearing Debtor admitted that his sole purpose in filing the

chapter 13 case was to litigate the validity of the debt. Lakeview's counsel noted that the

state court provides adequate avenues to challenge the validity of the lien without a resort

MEMORANDUM OF DECISION–3

to bankruptcy.  The Court suggested it would likely grant the motion to dismiss but took

the matter under advisement.  Having now considered the record before it along with the

arguments presented and the applicable law, the Court issues this memorandum decision.

Rule 7052; 9014.

### *Analysis*

As with other federal courts, the jurisdiction of the bankruptcy courts is grounded

in and limited by statute.  *Linkway Inv. Co., Inc., v. Olsen (In re Casamont Invs., Ltd.)*,

196 B.R. 517, 521–22 (9th Cir. BAP 1996) (citing *Celotex Corp. v. Edwards,* 514 U.S.

300, 307, 115 S. Ct. 1493, 1498, 131 L. Ed. 2d 403 (1995)).  Federal courts "may not

exercise jurisdiction absent a statutory basis."  *Badgerow v. Walters*, 142 S. Ct. 1310,

1318, 212 L. Ed. 2d 355 (2022) (quoting *Exxon Mobil Corp. v. Allapattah Servs, Inc.*,

545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)).  Moreover, this

jurisdiction may not "be expanded by judicial decree."  *Id.* (quoting *Kokkonen v.*

*Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d

391 (1994)).

An adversary proceeding to determine the validity, priority, or extent of a lien or

other interest in property is a core matter pursuant to Rule 7001(2).  A finding in favor of

Debtor in this Adv. Proc. could certainly have affected property of the estate, and thus the

Adv. Proc. was related to the bankruptcy case.  *See Jones v. State Farm Mut. Auto Ins.*

*Co. (In re Jones),* 410 B.R. 632, 637–38 (Bankr. D. Idaho 2009) (citing *Fietz v. Great W.*

*Sav. (In re Fietz),* 852 F.2d 455, 457 (9th Cir. 1988)).  The issue before this Court,

however, is not whether its initial invocation of jurisdiction over the adversary

MEMORANDUM OF DECISION–4

proceeding was proper.  Rather, the issue is whether this Court retains such jurisdiction now that underlying bankruptcy case has been dismissed.

In the district court context, if federal court jurisdiction is based on a federal law claim which is eliminated prior to adjudication of pendent state law claims, the federal court can, under certain circumstances, retain its supplemental jurisdiction over the remaining claims.  To determine whether it ought to do so, the district court should consider the factors of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over the pendent state-law claims.  *In re Casamont Invs., Ltd.*, 196 B.R. at 521–22 (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)); *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988).  When the balance of these factors indicates that a case properly belongs in state court, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.  *Id.*

The bankruptcy court undertakes a similar analysis when the underlying bankruptcy case is dismissed.  *Id.* at 522.  Bankruptcy courts are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed but may retain jurisdiction over a related proceeding subject to similar considerations utilized by the district courts: judicial economy, fairness, convenience, and comity.  *Id.* (citing *Carraher v. Morgan Electronics, Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992)); *Carnegie–Mellon,* 484 U.S. at 350, 108 S. Ct. at 619.

The Court will first consider the factor of judicial economy.  This favors dismissal of the Adv. Proc.  Neither this Court nor the parties have invested any significant time

MEMORANDUM OF DECISION–5

into the Adv. Proc., and therefore there is no unnecessary waste of those efforts.  In fact,

not all parties have been properly served.  To then require this Court to adjudicate the

issues presented in Debtor's adversary complaint, especially when it can have no bearing

on a bankruptcy case, does not promote judicial economy.  This factor weighs in favor of

dismissal.

The next factor is fairness.  This factor examines whether it would be unfair to

compel the parties to start over again in state court.  *Casamont*, 196 B.R. at 524.  Here, as

in *Casamont*, there is no evidence the parties would be prejudiced by dismissal.  The

Adv. Proc. is in its infancy, as all parties have not even yet been properly served.  This

factor favors dismissal.  Moreover, absent a bankruptcy case, enforcement of a deed of

trust through foreclosure, as well as challenges to the documentation and assignments, are

squarely issues for the state court.

The Court will next consider the factor of convenience.  While Debtor will have to

refile his complaint and properly serve the defendants in state court, and defendants

LoanCare, LLC and Lakeview Loan Servicing, LLC will have to refile their answer, this

factor does not weigh in favor of this Court retaining jurisdiction.  In fact, these

defendants who have answered have requested dismissal.

Finally, the Court will discuss comity.  Under the principles of comity, "federal

courts of equity should exercise their discretionary power with proper consideration for

the independence of state government in carrying out its governmental functions.

Comity, however, is a doctrine of discretionary abstention." *Idaho Tr. Bank v.*

*BancInsure, Inc.*, No. 1:12-CV-00032-REB, 2014 WL 4064063, at *4 (D. Idaho Aug. 15,

MEMORANDUM OF DECISION–6

2014) (quoting *City & County of San Francisco v. Assessment Appeals Board for the City and County of San Francisco, No. 1*, 122 F.3d 1274, 1277 (9th Cir. 1997)).

As noted above, absent a bankruptcy case, challenges to the validity of mortgage documents typically fall within the purview of the state courts. Because this Court would have no jurisdiction over the subject matter of the Adv. Proc. absent a bankruptcy filing, this Court finds no compelling reason to retain jurisdiction over this case, but rather respects the comity of the state courts over the subject matter presented. This factor also favors dismissal.

Because all four factors weigh in favor of this Court not retaining jurisdiction over the Adv. Proc., dismissal is proper.

### Conclusion

Based upon the foregoing analysis, this Court will not retain jurisdiction over the Adv. Proc., and the motion to dismiss filed by MERS will be granted on that basis.[2] A separate order will be entered.



DATED:  June 13, 2023

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

---

[2] MERS also advanced arguments on the merits in favor of dismissal, but the Court need not and therefore does not address those arguments.

MEMORANDUM OF DECISION–7